# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5427 | **DATE** | 2/23/2001 |
| **CASE TITLE** | Shifrin vs. Compagnie Nationale Air France | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for partial summary judgment as to Count I of the complaint [7] is granted, and defendant's motion for summary judgment [11] as to Count I is denied and granted as to Count II. Status hearing is set for 3/26/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 0 1 2001 date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/23/2001 | |
| | | 01 FEB 23 PM 4:35 | date mailed notice | |
| MD | courtroom deputy's initials | | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JORDAN I. SHIFRIN, ROOKIE SHIFRIN, SHANA A. SHIFRIN, AND SIMON SHIFRIN, ) ) ) Plaintiffs, ) ) v. ) ) COMPAGNIE NATIONALE AIR FRANCE, ) ) Defendant. ) | No. 99 C 5427 |

## MEMORANDUM OPINION AND ORDER

Before the court are the parties' motions for summary judgment regarding plaintiffs' two count complaint, removed to this court from the Circuit Court of Cook County pursuant to 28 U.S.C. § 1441(d), defendant being an agency or instrumentality of a foreign state as defined by 28 U.S.C. § 1603. Count I is for breach of contract and count II is for intentional infliction of emotional distress. Plaintiffs move for summary judgment on count I and defendant moves for summary judgment on the entire complaint. For the reasons articulated below, the court grants summary judgment in plaintiffs' favor on count I and grants summary judgment in defendant's favor on count II.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The

party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-599. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## FACTS[1]

The pertinent facts are as follows: All four plaintiffs purchased tickets to fly from Paris to Chicago on January 2, 1999, on flight 54 of defendant's airline. Due to bad weather, flight 54 was cancelled, and plaintiff Jordan Shifrin ("Jordan") spoke to an employee of defendant at

---

[1] The court notes that defendant failed to either respond to plaintiffs' statement of undisputed facts or properly file its own statement of undisputed facts in accordance with Local Rule 56.1. The Seventh Circuit has noted the important function this local rule serves and "has repeatedly upheld a district court's discretion to require strict compliance with it local rules governing summary judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527-28 (7th Cir. 2000). As defendant primarily relies upon plaintiffs Jordan and Rookie Shifrin's depositions to support its 56.1 statement, and plaintiffs likewise rely on these depositions, the court will not exercise its option of summarily denying defendants' motion. *See* Local Rule 56.1(a)(3)(B) (Failure to submit a statement consisting of *short numbered paragraphs with references to the record* "constitutes grounds for denial of the motion."). To the extent plaintiffs' own statements are supported by the record, however, these facts will be deemed admitted as defendant failed to controvert any of plaintiffs' statements. *See* Local Rule 56.1(b)(3)(B) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

DeGaulle Airport in France about alternate arrangements to get back to Chicago. Defendant's employee then offered to book the plaintiffs on a flight to New York and once in New York, plaintiff could go to defendant's counter and schedule a flight from New York to Chicago at defendant's expense. Defendant's employee did not give Jordan the option of staying in Paris and Jordan did not ask defendant's employee what would happen if he chose to stay in Paris. Rookie Shifrin also spoke to this employee, who told her not to worry, that defendant would get her to Chicago after she arrived in New York if she went to defendant's ticket counter in New York. After arrangements were made for plaintiffs to fly to New York but before the flight to New York departed, Jordan learned that a group of people from cancelled flight 54 were going to stay at a Paris hotel overnight at defendant's expense. No one informed Jordan that if he chose to fly to New York, defendant would consider New York Jordan's final destination.

Upon arriving at New York's Kennedy Airport, an employee of defendant informed Jordan that all domestic flights leave from New York's La Guardia Airport and that she had no information regarding making arrangements for plaintiffs to fly from New York to Chicago. This employee then called one of her supervisors who informed Jordan and Rookie that he had received a telex from Paris stating that defendant was not to fly plaintiffs from New York to Chicago. After plaintiffs argued with the supervisor over what plaintiffs believed defendant's responsibility was, the supervisor stated that he could arrange for plaintiffs to stay at a hotel overnight and that plaintiffs could decide what they were going to do the next day. The supervisor gave plaintiffs a voucher entitling them to two rooms at a hotel, told Jordan that defendant would not pay for plaintiffs' meals, and allowed plaintiffs to store their luggage in his private office. A courtesy car from the hotel drove plaintiffs from the airport to the hotel. Upon

3

arriving at the hotel at 4:00 a.m., the hotel informed plaintiffs that defendant would only allow plaintiffs one room with two double beds. Plaintiffs slept for a short while (no more than three hours) and returned to Kennedy airport to again try arrange a flight to Chicago.

When plaintiffs returned to Kennedy airport, two new employees of defendant were operating the ticket counter. These employees clearly stated that they would not book plaintiffs on any flights and that plaintiffs would have to go to La Guardia Airport if they wanted to get to Chicago. Defendants' employees also stated that defendant would not cover the cost of transporting plaintiffs to La Guardia. Because plaintiffs could not fit all their luggage into one car (Shana Shifrin had been studying in France for a semester and had four bags), they ordered two limousines to take them to La Guardia Airport. When plaintiffs arrived at La Guardia, they purchased four one-way stand-by tickets from American Airlines and eventually flew to Chicago.

After plaintiffs returned to Chicago, Jordan came down "with some type of flu syndrome or virus," Jordan Dep. at 37, and it took a couple of days for his sleep pattern to return to normal as a result of being continuously awake for a couple of days. In addition, Jordan could not stay on his weight-loss program as a result of the stress of trying to return to Chicago. Rookie also had problems after returning to Chicago, namely, she was extremely distraught, had a severe migraine headache, and had trouble getting back into her exercise routine.

## DISCUSSION

**Count I**

Defendant argues that count I is preempted by the Warsaw Convention, because Article 19 of the Convention provides that covered carriers are "liable for damage occasioned by delay in

4

the transportation by air of passengers, baggage, or goods." 49 U.S.C. 40105 (note).[2] Plaintiffs, however, do not seek redress for any delay. Rather, plaintiffs allege in count I that the parties entered into a contract in which defendant agreed to provide air transportation for plaintiffs from Paris to Chicago, that defendant breached this agreement by only providing transportation to New York, and that they are entitled to recover the cost they expended to return to Chicago ($2,968 for air travel, $110 for transportation from Kennedy Airport to La Guardia Airport, and $32 for meals). In *Wolgel v. Mexicana Airlines*, 821 F.2d 442, 444 (7th Cir. 1987), the Seventh Circuit held that because the plaintiffs in that case were seeking damages for being "bumped" off their scheduled flight, as opposed to incidental damages due to their delay, the Warsaw Convention did not apply. Like the plaintiffs in *Wolgel*, plaintiffs here claim that defendant failed to honor its contract with the plaintiffs by not providing them with air transportation to Chicago. Indeed, the facts show that plaintiffs repeatedly attempted to persuade defendant to provide such transportation. Therefore, the reasoning of *Wolgel* applies with equal force to this case notwithstanding the fact that the plaintiffs in *Wolgel* never left the airport to fly to their anticipated destination and plaintiffs here flew from Paris to New York. In both cases, the defendant air line failed to perform the contract, and nonperformance of a contract for international air travel, the Seventh Circuit reasoned, is not preempted by the Convention. *Wolgel*, 821 F.2d at 444-45. Put simply and at the risk of stating the obvious, New York is not Chicago, providing air travel to New York does not satisfy a contract to provide air travel to

---

[2]"The cardinal purpose of the Warsaw Convention . . . is to achieve uniformity of rules governing claims arising from international air transportation." *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 169 (1999) (citations, internal quotation marks, and alterations omitted). "The Convention's preemptive effect on local law extends no further than the Convention's own substantive scope." *Id.* at 172 (citations, internal quotation marks, and alterations omitted).

5

Chicago, and seeking reimbursement for costs incidental to actually traveling to Chicago is not the same as seeking costs incidental to the delay involved in arriving in Chicago later than expected.[3]

As the Warsaw Convention does not apply, this court must look to applicable contract law, and because both parties rely on Illinois law, the court cites to Illinois law herein. *See Massachusetts Bay Ins. Co.* v. *Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.") (citation and internal quotation marks omitted). To recover under a breach of contract theory, plaintiffs must show that (1) a valid and enforceable contract existed between plaintiffs and defendants, (2) plaintiffs performed the contract, (3) defendants breached the contract, and (4) plaintiffs were injured as a result of defendant's breach. *Priebe* v. *Autobarn, Ltd.*, ___ F.3d ___, No. 00-2497, 2001 WL 123827, at *2 (7th Cir. Feb. 14, 2001) (citing *Hickox* v. *Bell*, 5222 N.E.2d 1133, 1143 (Ill. App. Ct. 1990)). Defendant failed to respond to plaintiffs' breach of contract argument (save that the claim was preempted by the Warsaw Convention) but admitted in its Answer to plaintiffs' complaint that the "commercial tickets entitle the passenger to air travel between or among the scheduled destinations." (Ans. ¶ 4.) Plaintiffs purchased four airline tickets providing for Chicago as the final destination, defendant failed to provide air travel to Chicago and, therefore, breached its obligation to plaintiffs, who suffered injury as a result of the breach. There is no evidence to support defendant's claim that plaintiffs "voluntarily elected

---

[3]This case is distinguishable from *Duff* v. *Trans World Airlines, Inc.*, on which defendant relies, because the plaintiff in that case *was seeking redress for the delay of his scheduled flight.* 527 N.E.2d 498, 501 (Ill. App. Ct. 1988) (" . . . Duff is seeking compensation for damages he allegedly sustained as a result of his delay in leaving New York and his late arrival in Chicago.").

to modify their contract with [defendant] by flying to New York and not waiting for [defendant] to arrange transportation to Chicago . . . ."[4] (Def.'s Resp. at 4.) As such, summary judgment is appropriate in plaintiffs' favor on count I.

**Count II**

The parties agree that the Warsaw Convention does not preempt plaintiffs' claim for intentional infliction of emotional distress but argue over whether plaintiffs meet the standard for proving such a claim under Illinois law. In order to survive defendant's summary judgment motion regarding count II, plaintiffs must show that triable issues exist regarding whether (1) defendant's conduct was extreme and outrageous, (2) defendant knew that severe emotional distress was certain or substantially certain to result from its conduct, and (3) defendant's conduct caused severe emotional distress. *Wynne* v. *Loyola Univ.*, ___ N.E.2d ___, No. 1-99-3830, 2000 WL 1868449 (Ill. App. Ct. Dec. 21, 2000); *Rekosh* v. *Parks*, 735 N.E.2d 765, 772 (Ill. App. Ct. 2000). Extreme and outrageous conduct necessary to find a party liable for intentional infliction of emotional distress requires conduct that goes "beyond all possible bounds of decency" and is "judged on an objective standard based on all of the facts and circumstances of a particular case." *Rekosh*, 735 N.E.2d at 772. Plaintiffs have failed to show that a fact issue exists on count II. At most, the evidence plaintiffs present shows that defendant's conduct was highly inconvenient, conduct which falls considerably short of going beyond all possible bounds of decency. Summary judgment, therefore, is appropriate in defendant's favor on count II.

---

[4]In fact, if the court were to find that a modification of the contract occurred and that such modification was supported by adequate consideration, the evidence shows that defendant's breached the modified contract by failing to provide transportation from New York to Chicago as promised by defendant's employee in Paris.

7

## CONCLUSION

For the above-stated reasons, plaintiff's motion for partial summary judgment as to Count I of the complaint [#7] is granted, and defendant's motion for summary judgment [#11] as to Count I is denied and granted as to Count II.

This matter will be called for status on March 26, 2001 at 9:30 a.m.

Date: February 23, 2001          Enter: _____
                                        JOAN HUMPHREY LEFKOW
                                        United States District Judge